IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
   Plaintiff,

vs.              CRIMINAL ACTION NO. 2:12cr13

NATHANIEL L. FAWLEY,
RONI N. NICELY,
DERICK E. WILSON,
GARRETT A. SITES,
KAYLA L. EVANS, and
KEVIN G. THOMPSON, JR.,

   Defendants.

## REPORT AND RECOMMENDATION/OPINION REGARDING DEFENDANTS EVANS, SITES, AND THOMPSON'S MOTIONS TO SUPPRESS

On May 4, 2012, Defendant Garrett Sites, through counsel, Edmund Rollo, filed a Motion to Suppress Statements [DE 114]; Defendant Kayla Evans, through counsel, William Pennington, filed a Motion to Suppress Statements/Confessions [DE115]; Defendant Kevin Thompson, through counsel Jay T. McCamic, filed a Motion to Suppress Statements [DE 128]; and Defendant Kayla Evans, through counsel, William Pennington, filed a Motion to Adopt Defendant Sites' Motion to Suppress Statements [DE 131]. On May 9, 2012, the United States filed its Response to the defendants' motions [DE 138].

The Court determined there were no disputed issues of fact and the only disputed issues were legal, and therefore decides the motions without hearings. The Court adopts the defendants' versions of the facts.

As a threshold matter, Evans' Motion to Adopt Defendant Garrett Sites' Motion to Suppress Statements [DE 131] is **GRANTED**.

**Procedural History**

On March 20, 2012, the above-named defendants, along with co-defendants Nathaniel Fawley, Roni Nicely, and Derick Wilson, were indicted by a Grand Jury sitting in the Northern District of West Virginia. All six defendants were charged in a methamphetamine conspiracy. Thompson, Sites, and Evans were also charged with possession of pseudoephedrine to be used in the manufacture of methamphetamine. On April 12, 2012, Defendants Fawley, Nicely, Wilson, Sites, Evans, and Thompson were arraigned and all pled "not guilty" to the offenses charged in the Indictment. An Initial Scheduling Order was entered on April 12, 2012, setting the deadline for all pre-trial motions for April 30, 2012.

On April 27, 2012, Kevin Thompson, through counsel Jay T. McCamic, filed a Motion for Extension of Time to File Motions, which motion was adopted by Evans, Sites, Nicely, and Wilson. The Court granted the Motions for extension of time, resetting the deadline for the filing of pre-trial motions for May 4, 2012.

As already noted, the motions at issue in this Report and Recommendation were filed on May 4, 2012.

**Statement of Facts**.

On January 27, 2012, at approximately 3:00 or 4:00 a.m., a search warrant was executed by the Grant County, West Virginia Sheriff's Department, at a residence it appears Defendants Fawley, Nicely, Wilson and Daryl Vanmeter, a defendant in a separate case, were occupying at the time. The defendants were handcuffed and transported to the Grant County Sheriff's Department, sometime between 5:00 a.m. and 7:00 a.m., and placed in a holding cell.

Later that same morning, most if not all of the defendants, including Evans, were removed by the police from the holding cell individually for questioning.

Defendant Evans was <u>Mirandized</u> and questioned at 8:45 a.m. by Grant County Sheriff's Deputy Tim Thompson. The questioning resulted in 5 pages of handwritten narrative and questions/answers. Evans remained at the Grant County Courthouse until 5:00 p.m. that day, at which time she was arraigned in the Magistrate Court of Grant County on a felony criminal complaint alleging her involvement in a clandestine methamphetamine manufacturing lab. At her arraignment, Evans invoked her right to counsel by requesting an attorney to represent her. She requested court-appointed counsel. She was then transported to the Potomac Highlands Regional Jail.

Defendant Sites was <u>Mirandized</u> by at 11:13 a.m. on the morning of January 27, 2012. He waived his rights and made a statement to a Grant County officer, which was written and then signed. The documents submitted by Sites indicate the interrogation took place in the Grant County Courthouse Annex.

Defendant Thompson does not state at what time he gave his first statement, but contends it was taken under the same circumstances as those of Evans and Sites. He also remained at the Grant County Courthouse until he was presented to the Grant County magistrate.

On January 30, 2012, at 7:45 p.m., three days after his arrest by the Grant County Sheriff's Department, Sites was questioned again, this time by United States Forest Service Special Agent Gene Smithson. Homeland Security/ICE Special Agent Steven Austin was a witness to the questioning. The questioning took place at the Potomac Highlands Regional Jail, where Sites was incarcerated on the State charges. Sites was again given his <u>Miranda</u> rights, which he waived. Sites gave a statement to Special Agent Smithson, admitting he had purchased Sudafed beginning in March of the prior year. He began by buying the Sudafed for an individual not named as a defendant in this case, but then started buying it for Roni Nicely and Daryl Vanmeter. For every box,

he received either $50.00 or a half gram of meth. He admitted seeing Vanmeter make meth 2 or 3 times, Nicely 6 or 7 times, Wilson 3 or 4 times, and another individual one time. He usually purchased the pills at the CVS in Moorefield and had tried to purchase them once in Martinsburg but was denied. Every box he purchased was for someone to make meth.

None of the other movants attached their alleged statements to their motions, but each contend that their second statements were taken under the same circumstances and all their arguments would apply to each other's cases.

Thompson states his first statement was taken at 10:22 a.m. on January 27, 2012, at the Grant County Courthouse, and his second at 5:35 p.m. on January 30, 2012 at the regional jail. The first questioning was conducted by Grant County officers and the second by Special Agent Smithson.

Evans states her first statement was taken at 8:45 a.m. on January 27, 2012, and her second on January 30, 2012, at 5:51 p.m., at the regional jail. Again, her first questioning was conducted by Grant County officers and the second by Special Agent Smithson.

**First Statement**

Defendant Sites argues that his first statement given on the morning of January 27, 2012, at the Grant County Sheriff's Department is inadmissible and must be suppressed because: 1) it was made prior to his presentment to a magistrate; 2) his presentment to a magistrate was unreasonably or unnecessarily delayed because he could easily have been taken to the Grant County magistrate Court which was open and doing business on the morning of Friday, January 27, 2012; 3) his statement was made more than six hours after his arrest or detention; and 4) at the time of his first statement he was high on meth and had been sleep-deprived for more than two days.

Defendant Sites first argues that 18 U.S.C. section 3501, and cases interpreting the statute, hold that statements made by an arrestee more than six hours after arrest and before the defendant's

presentment to a magistrate judge may be suppressed if the court determined that the delay in presentment was unreasonable or unnecessary.

Similarly, Defendant Evans argues that her first statement given on the morning of January 27, 2012, at the Grant County Sheriff's Department is also inadmissible and must be suppressed because she was arrested at 4:00 a.m., interrogated at 8:45 a.m., but not arraigned in the Grant County Magistrate Court until 5:00 p.m. She argues that, pursuant to <u>McNabb v. United States</u>, 318 U.S. 332, and <u>Mallory v. United States</u>, 354 U.S. 449, her confession was inadmissable because it was made during a period of detention that violated the prompt presentment requirement of Federal Rule of Criminal Procedure 5(a), which generally holds "a confession obtained during detention is inadmissible if not made within 6 hours of the arrest. Evans also argues her first statement violates 18 U.S.C. section 3501.

Defendant Thompson similarly argues that his first statement must be suppressed because it was taken more than 7 hours after his detention, before presentment to a magistrate. He also argues that his first statement was not voluntary because "he is a young, unsophisticated man from an impoverished background who had been smoking meth, and this fact adversely affected his ability to render a knowing, voluntary and intelligent waiver of his Miranda rights."

**18 U.S.C. section 3501**

18 U.S.C. section 3501(c) provides, in pertinent part:

In any criminal prosecution brought by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein while such person was under arrest or other detention in the custody of any law-enforcement officer of law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person <u>before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia</u> if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the

jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . .

(Emphasis added).

In United States v. Alvarez-Sanchez, 511 U.S. 350, 144 S.Ct. 1599 (1994), the United States Supreme Court addressed the scope of 18 U.S.C. section 3501(c), and concluded that 3501(c) does not apply to statements made by a person who is being held solely on state charges. In that case, the defendant was arrested and booked on state felony charges on a Friday, and for reasons not apparent on the record, was never arraigned or prosecuted by the State of California on the state drug charges. On Monday, three days after Defendant was arrested by state officers on state charges, two Secret Service agents interviewed the defendant. After waiving his rights the defendant confessed. He was arrested by the federal officers and brought before a Federal Magistrate the next day.

The Supreme Court concluded that the "arrest or other detention" in the statute "must be an 'arrest or other detention' for a violation of *federal* law." (Emphasis in original). The Court continued:

> If, instead, the person is arrested and held on state charges, section 3501(c) does not apply . . . . This is true even if the arresting officers . . . believe or have cause to believe that the person also may have violated federal law. Such a belief, which may not be uncommon given that many activities are criminalized under both state and federal law, does not alter the underlying basis for the arrest and subsequent custody. As long as a person is arrested and held only on state charges by state or local authorities, the provisions of section 3501(c) are not triggered.

As in Alvarez-Sanchez, the defendants in the case at bar were under arrest on state narcotics charges at the time they made both their first and second statements.

The undersigned United States Magistrate Judge therefore finds that 18 U.S.C. 3501(c) does not apply to make inadmissible in this Federal case, the original statements made by the defendants to the state officers, or even the Federal officers, while they were charged only with state offenses,

6

and therefore **RECOMMENDS** the first statements by all defendants not be suppressed on these grounds.

Regarding Defendants' arguments regarding having been "high on meth" and sleep-deprived at the time the first statements were given, the undersigned finds the issue mooted by the United States' representation to the Court that it does not intend to offer in its case-in chief the statements given the night (or, perhaps more precisely, morning) of the search.

Based on the United States' representation to the Court, the undersigned **RECOMMENDS** Defendants' Motion to Suppress the first statements on the basis of intoxication be **DENIED AS MOOT**.

**Second Statement**

Defendant Sites argues his second statement given on January 30, 2012, at the Potomac Highlands Regional Jail is inadmissible and must be suppressed because Defendant had already requested counsel be appointed to represent him during his appearance before the State magistrate. Federal Special Agents Smithson and Austin nevertheless requested he give another statement. Sites acquiesced and gave the Federal agents a second statement. Sites argues because he had already requested counsel be appointed him by the State magistrate, his second statement, given to Special Agents Smithson and Austin is inadmissible.

Defendant Evans similarly argues that her second statement/confession was obtained during custodial interrogation on January 27, 2012, without the assistance or advise of counsel, despite the fact that she had also invoked her right to counsel at her arraignment in Grant County magistrate court three days earlier.

Defendant Thompson argues his second statement given to the Federal agents on January 30, 2012, must be suppressed for the reasons articulated by the other defendants, and also due to his

7

intoxication.

The United States does not dispute that each defendant requested appointment of counsel during their appearances before the Grant County magistrate on July 27, 2012. There is also no dispute that Special Agents Smithson and Austin questioned them each on July 30, 2012, three days later, while they were still in State custody, detained in the Potomac Highlands Regional Jail. Finally, there is no dispute that any of the defendants were not advised of and waived his or her Miranda rights prior to making the second statements.

Defendants do argue that their invocation of their right to counsel during their State proceedings on January 27, 2012, precluded the Federal officers from questioning them on January 30, 2012, without counsel present, and that, therefore, their statements made to the Federal officers are inadmissable and must be suppressed.

In United States v. Alvarado, 440 F.3d 191 (4th Cir. 2006), the Fourth Circuit addressed a similar issue. In that case, both Federal and State law enforcement officers participated in a drug investigation. The Federal Agent questioned the defendant on two occasions. The next day the Commonwealth of Virginia issued arrest warrants for the defendant, charging him with possession with intent to manufacture, sell, give or distribute cocaine, and conspiracy to commit the same. The defendant requested counsel and the Commonwealth appointed him a lawyer. Virginia retained custody of the defendant for two months, when he had his preliminary hearing, at which time the Commonwealth dismissed its charges. Notably, the day prior to the preliminary hearing in state court, federal agents had filed a federal criminal complaint against the defendant, and requested a warrant for his arrest. The warrant was issued and Defendant was taken into Federal custody immediately upon the dismissal of the state charges. The federal agent again advised the defendant of his Miranda rights and the defendant provided incriminating statements.

The defendant was convicted. On appeal he alleged that his inculpatory statements of December 5, 2003, should have been suppressed because they were taken in violation of his Sixth Amendment right to counsel. As do the defendants in the case at bar, Alvarado argued that the commencement of formal proceedings on his state charges caused the Sixth Amendment right to counsel to attach to his federal charges as well, because the state and federal charges were "the same offense."

The Fourth Circuit disagreed with the defendant, holding: "Since they arise from separate sovereigns, state and federal offense are not the same for purposes of the Sixth Amendment right to counsel." Further:

> We therefore cannot conclude that Virginia has functionally charged defendant with a federal crime, or vice versa. Virginia can no more define what constitutes a federal criminal offense than the federal government can promulgate Virginia's criminal law. By virtue of their separate sovereignty, each may separately establish and enforce criminal laws in accordance with the Constitution's commands. To suggest, as defendant does, that state and federal offense are the same would strip both sovereigns of a central attribute of sovereignty in derogation of our federal design.

(Inernal citations omitted.)

The undersigned concludes that the questioning of Defendants by the Federal Agents did not violate their Sixth Amendment rights to counsel, and therefore **RECOMMENDS** Defendants' Motions to Suppress on those grounds be **DENIED**.

The undersigned further **RECOMMENDS** that, Defendants having been incarcerated for three days following their arrest, any motions to suppress on the basis of meth intoxication should also be **DENIED**.

## RECOMMENDATION

For the reasons herein stated, it is respectfully **RECOMMENDED** that Defendants Garrett

Sites' Motion to Suppress Statements [DE 114]; Defendant Kayla Evans' Motion to Suppress Statements/Confessions [DE 115]; and Defendant Kevin Thompson's Motion to Suppress Statements [DE 128] all be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John P. Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 10th day of May, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE